# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 DELAWARE AVENUE
P.O. BOX 2306
WILMINGTON, DELAWARE 19899-2306
(302) 888-6800
FACSIMILE (302) 571-1750

Brett D. Fallon
DIRECT DIAL
(302) 888-6888
E-MAIL
bfallon@morrisjames.com

DOVER OFFICE
(302) 678-8815
NEWARK OFFICE
(302) 368-4200
WORLD WIDE WEB
http://www.morrisjames.com

February 23, 2006

**BY HAND DELIVERY**
The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street, Room 4209
Wilmington, DE 19801

Re:   *Freedom Roads LLC v. Doerge Capital Collateralized Bridge Fund LP*;
      CA-#1:06-cv-00047-JJF

Dear Judge Farnan:

I write as the attorney for the appellants, FreedomRoads LLC and Marcus Lemonis, in the above-captioned action regarding Mr. Minuti's letter to this Court dated February 17, 2006 seeking avoidance of Court mandated mediation. Although Mr. Minuti's request would be more appropriately made by motion, if the Court is inclined to consider the request in its present form, we respectfully urge the Court to deny the request on several grounds.

First, this counsel's experience with mediation in Delaware is that it has been highly successful. Presumably, this success is why this Court requires parties to mediate – seemingly intractable disputes are often resolved by skilled neutrals, reducing the parties' litigation expenses and lowering the Court's burden. This District's success with mediation should not be lightly dismissed and withdrawing a case from mandatory mediation based on one side's assertion that mediation is unlikely to succeed before we even get started ignores all of the benefits that the Court and the parties reap from the process.

Second, it is premature and simplistic to conclude that the appeal is not "capable of being resolved through mediation" or that it is an all-or-nothing case without the mediator having an opportunity to explore whether the parties can find an agreed basis to resolve the appeal. This situation presents numerous opportunities for the parties to bargain.

For example, the appellants repeatedly represented to the Bankruptcy Court that they would restrict their claims solely to prepetition events and even conceded that they could not pursue derivative claims of the debtor. They further claimed that they do not seek to hold FreedomRoads LLC liable as a successor of the debtor, Holiday RV Superstores, Inc. Their current complaint, however, continues to allege that "the remaining assets of Holiday RV" were acquired "out of bankruptcy" and transferred to FreedomRoads LLC as part of an alleged

1353120/1

Hon. Joseph J. Farnan, Jr.
February 23, 2006
Page 2

conspiracy. (Compl. ¶ 57.) Their complaint also purports to assert derivative fiduciary duty claims of the debtor, supposedly owed to them as creditors. (*See, e.g., id.*, Counts II, V, VIII, & XI, and ¶¶ 33, 34, 39-40, 80.) In light of this situation, it is possible that compromises can be reached if appellees were to amend their complaint to eliminate the claims and allegations barred by the bankruptcy, and to expressly limit their damage claims to reduce the implication of the bankruptcy court's jurisdiction.

Alternatively, the appellees might be persuaded to drop their resistance to this Court's exercise of jurisdiction if the appellants provide assurances that relevant documents and witnesses would be made conveniently available for discovery and trial in this Court.

Indeed, the mediator may even be able to resolve the entire underlying lawsuit, if the parties are willing to discuss more than the immediate appeal. The issues raised above are by no means an exhaustive listing of accommodations that may be negotiated, but they do demonstrate that, with just a little flexibility, the parties could resolve the case short of a contested appeal.

Third, the appellees' purported concern that mediation will delay matters is totally unwarranted. In fact, there is no stay of the lower court's decision and the Clerk of the Bankruptcy Court may remand the case to the state court in Lake County, Illinois, even while the parties mediate and before the current appeal is decided. If the appellees are truly concerned about delay, they could have addressed why they have failed to request such action when the appeal was filed back in December.

Fourth, the appellees' request to be excused from mediation is untimely. As the court-appointed mediator, Brian A. Sullivan, explained, the appellees waited until after Mr. Sullivan had been appointed and had expended time and expense in preparing for mediation before the appellees sought to avoid the mediation. A copy of Mr. Sullivan's communication to the appellees is attached hereto. In the unlikely event that this Court chooses to nonetheless grant the appellees' request and excuse the appellees from mandatory mediation, the appellants request that the appellees be required to pay all of the mediator's costs and fees.

For all of these reasons, we respectfully urge the Court to deny appellees' request to avoid mediation. If the Court has any questions, we would welcome the opportunity to respond.

Respectfully,

*/s/ Brett D. Fallon*
Brett D. Fallon

BDF:ejbz
Enclosure

1353120/1

Hon. Joseph J. Farnan, Jr.
February 23, 2006
Page 3

cc: Brian A. Sullivan, Esquire (by hand)
     Mark Minuti, Esquire (by hand)
     Christopher J. Horvay, Esquire (by email)
     Arthur J. Howe, Esquire (by email)

1353120/1

## Fallon, Brett

| | |
|---|---|
| **From:** | Carol Dougherty [CDougherty@werbsullivan.com] on behalf of Brian A. Sullivan [BSullivan@werbsullivan.com] |
| **Sent:** | Wednesday, February 08, 2006 12:18 PM |
| **To:** | jryan@saul.com; Fallon, Brett |
| **Cc:** | Monica_Mosley@ded.uscourts.gov |
| **Subject:** | RV Superstores, Inc./Freedomroads LLC/Doerge Capital Collateralized Bridge Rund LP, et al., Civil Case # 1:06-cv-00047-JJF |

Counsel:

I have received Jeremy Ryan's letter of February 3, 2006 (a copy attached for reference). I have explained that I do not believe that I have the authority to permit the parties to bypass mediation. Therefore, I suggest it is up to the parties to either send a letter to Judge Farnan or file a Motion.

I would note that it would have saved the Court, me, and probably the parties some expense and time if this request would have been made before my appointment and my responsibilities to review the documentation and communicate with the parties in an effort to schedule the mediation. Accordingly, I have also explained that the parties will be responsible for fees and expenses incurred to date and in closing the mediation and reporting to the Court in the event that Judge Farnan grants the request to bypass Mediation.

Lastly, we have discussed and the parties have indicated their position that the issue of the appropriate venue is not one that can be resolved through mediation. Further, you have indicated to me that the underlying case is not ready for mediation since there has yet been no discovery or case development, due to the jurisdiction issue.

I will await a copy of your letter or Motion and Judge Farnan's direction. As always in the event that you have any questions, please do not hesitate to let me know.

Best regards.

Brian A. Sullivan
Werb & Sullivan
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111
E-mail: bsullivan@werbsullivan.com

<<Letter from Jeremy Ryan (2-8-06).pdf>>

2/23/2006