IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Marcus Lemonis and FreedomRoads, LLC, | ) | |
| | ) | |
| Defendants/Appellants, | ) | |
| v. | ) | |
| | ) | |
| DOERGE CAPITAL COLLATERALIZED | ) | |
| BRIDGE FUND L.P., an Illinois Limited | ) | |
| Partnership, ARMANDO ALONSO, an | ) | |
| Individual, FRANCISCO ALONSO, an | ) | |
| Individual, ERNEST DAVIS, JR, an Individual, | ) | |
| and THOMAS HALL, an Individual | ) | |
| | ) | |
| Plaintiffs/Appellees, | ) | Civil Action No. 06-047-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| MARCUS LEMONIS, an Individual, and | ) | |
| FREEDOM ROADS, LLC, a limited liability | ) | |
| company | ) | |
| Defendants. | ) | |

APPELLEES' RESPONSE TO
APPELLANTS' OPENING BRIEF

Mark Minuti (No. 2659)
Jeremy W. Ryan (No. 3595)
SAUL EWING LLP
Attorneys for Plaintiffs
222 Delaware Avenue – Suite 1200
Wilmington, Delaware 19899
(302) 421-6800

Christopher J. Horvay (No. 01263315)
Robert A. Carson (No. 3126935)
Christina B. Conlin (No. 6255644)
GOULD & RATNER
222 North LaSalle Street, Eighth Floor
Chicago, Illinois 60601
(312) 236-3003

536749.1 1

## TABLE OF CONTENTS
I. NATURE OF THE CONTROVERSY………………………………………………..1

II. ARGUMENT……………………………………..…………………………………..4

    A. Standard of Review……………………………………………………….......4

    B. The Complaint Constitutes A Non-Core, Unrelated Proceeding………….4

        1. The Claims Do Not Arise Under Title 11…………………………….4

        2. The Claims Are Individual, Not Derivative………………………….7

    C. The Bankruptcy Court Did Not Consider Improper Evidence…………..11

III. CONCLUSION…………………………………………………………………….14

## TABLE OF AUTHORITIES

**Statutes**

    11 U.S.C. § 363(f)..................................................................................................3

**Cases**

    *In re General Datacomm Industries, Inc.*,
    407 F.3d 616 (3rd Cir. 2005)...................................................................................4

    *Stoe v. Flaherty*,
    436 F.3d 209 (3rd Cir. 2006)...................................................................................4

    *Diamond Mortgage Corp. of Illinois v. Sugar*,
    913 F.2d 1233 (7th Cir. 1990).................................................................................4

    *Zerand-Bernal Group, Inc. v. Cox*,
    23 F.3d 159 (7th Cir. 1994).....................................................................................5

    *Kramer v. Western Pacific Industries, Inc.*,
    546 A.2d 348 (Del. 1988).......................................................................................8

    *Bio-Scientific Clinical Laboratory, Inc. v. Todd*,
    149 Ill. App. 3d 845 (Ill. App. Ct. 1986).................................................................8

    *Zokoych v. Spalding*,
    36 Ill. App. 3d 654 (Ill. App. Ct. 1976)...................................................................8

    *In re Shell Oil Co.*,
    970 F.2d 355 (7th Cir. 1992).................................................................................12

    *Gould v. Artisoft, Inc.*,
    1 F.3d 544 (7th Cir. 1993).....................................................................................13

    *Samuel-Bassett v. Kia Motors America, Inc.*,
    357 F.3d 392 (7th Cir. 2004).................................................................................13

Appellees, Doerge Capital Collateralized Bridge Fund L.P., an Illinois Limited Partnership, Armando Alonso, Francisco Alonso, Ernest Davis, Jr., and Thomas Hall, by their undersigned attorneys, for their response to Appellants' Opening Brief, submit that Appellants have failed to show that the Bankruptcy Court (the Honorable Mary Walrath) committed any error, let alone reversible error, when it remanded this action to the Nineteenth Judicial Circuit, Lake County, Illinois. Judge Walrath has already rejected the exact arguments made by Appellants in this appeal. Her decision to remand this case was a proper exercise of judicial discretion. This Court should reject Appellants' meritless arguments as well.

## I. NATURE OF CONTROVERSY

On October 27, 2004, Appellees filed this action in the Nineteenth Judicial Circuit, Lake County, Illinois, stating claims for fraud, breach of fiduciary duty, and successor liability against Marcus Lemonis ("Lemonis"), an individual and resident of Illinois, and against FreedomRoads, LLC ("FreedomRoads"). Appellees did not name Holiday RV Superstores, Inc., which filed for bankruptcy protection, as a defendant in their action. *See Appellees' Complaint, ¶ 8 ("Holiday RV Superstores, Inc...is not named as a defendant in this action, and no relief is sought against Holiday RV in this proceeding.").* Appellees' Complaint states claims based solely on state law, and seeks damages for the independent, pre-bankruptcy actions of Lemonis and FreedomRoads. The Complaint states claims of successor liability against FreedomRoads, which are not based on the acts of Holiday RV, but rather, are based upon FreedomRoads' independent actions prior to Holiday RV's bankruptcy filing.

On October 23, 2003, Holiday RV filed a voluntary petition for bankruptcy in the U.S. Bankruptcy Court for the District of Delaware.[1] On August 27, 2004, the Bankruptcy Court confirmed Holiday RV's plan of reorganization (the "Plan"). On December 3, 2004, Lemonis and FreedomRoads filed a Notice of Removal with the U.S. District Court for the Northern District of Illinois, Eastern Division, to remove this action from Illinois State Court. On January 5, 2005, Appellants filed a motion to transfer this case to the U.S. District Court for Delaware, which was granted on February 17, 2005. The action was transferred, as a matter of course, to the U.S. Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court") on July 19, 2005 by Judge Gregory M. Sleet, and assigned to Judge Walrath, the same bankruptcy judge who presided over the Holiday RV proceedings. On December 21, 2005, the Delaware Bankruptcy Court remanded the action to the Nineteenth Judicial Circuit, Lake County, Illinois. While this appeal is pending, the parties are proceeding on the merits of the underlying claims before the Lake County court, with the judge having set a discovery schedule and a trial date of April 2, 2007.

In their removal action, and this appeal, Appellants argue, incorrectly, that Removal was improper because Appellees' action is a core proceeding, and is bound together with Holiday RV's confirmed Chapter 11 case. The Bankruptcy Court rejected

---

[1] Contrary to Appellants' assertions, Doerge Capital did not litigate the claims set forth in the 2002 Complaint in the Holiday RV bankruptcy proceeding. The 2002 Complaint was attached to Doerge Capital's proof of claim simply to establish the amount of the claim against Holiday RV.

this argument, and held, correctly, that the Complaint against Lemonis and FreedomRoads is premised on claims of fraud which were based on pre-bankruptcy conduct.

Appellants' claim that is a core proceeding is premised on misleading assertions and argument. First, despite Appellants' allusions to the contrary, there was no transfer of assets to FreedomRoads, either by Section 363(f) of the Bankruptcy Code (11 U.S.C. § 363(f)) or by confirmation of Holiday R.V.'s Plan.[2] Appellants also claim that Appellees' allegations largely concern whether Lemonis properly disposed of the Holiday RV's property. This is an utter mischaracterization of the allegations of the Complaint. These allegations primarily relate to the pre-petition misrepresentations and fraudulent statements made by Lemonis to the Appellees, and the actions Appellees took based upon those misrepresentations. The brief references to Holiday RV's bankruptcy are merely informational, not substantive, and do not constitute the gravamen of Appellees' Complaint.

---

[2] Importantly, the Plan does not provide for the transfer of the stock, property or assets of the reorganized entity to FreedomRoads LLC. Rather, the plan provides that "on the Effective Date, the Reorganized Debtor is authorized to immediately issue approximately 500 shares of New Common Stock to **FreedomRoads Minnesota** one of the Lenders, or its designee, which 500 shares shall constitute all issued stock of the Reorganized Debtor." See Plan, ¶ 6.4, p. 4)(emphasis supplied). Hence, it is by no means clear that FreedomRoads, LLC's assertions that it is somehow connected to the Chapter 11 should receive any credence, since the Chapter 11 plan involved an entirely different entity, namely FreedomRoads, Minnesota.

## II. ARGUMENT

### A. Standard of Review

This Court shall "review the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re General Datacomm Industries, Inc.*, 407 F.3d 616, 619 (3rd Cir. 2005).

### B. The Complaint Constitutes A Non-Core, Unrelated Proceeding

A reading of the Complaint shows that Appellees' action is a noncore, unrelated proceeding. No matter how much Appellants protest or attempt to twist select phrases out of context, it is evident that this action was properly remanded to the Nineteenth Judicial Circuit, Lake County, Illinois.

#### 1. The Claims Do Not Arise Under Title 11

A proceeding is core under Section 157 if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. *Stoe v. Flaherty*, 436 F.3d 209, 217 (3rd Cir. 2006); *Diamond Mortgage Corp. of Illinois v. Sugar*, 913 F. 2d 1233, 1239 (7th Cir. 1990). Put another way, whether a proceeding is a core proceeding that arises under Title 11 depends upon whether the Bankruptcy Code creates the cause of action or provides a substantive right that is invoked in the claim. *Stoe,* 436 F.3d at 217. It is clear that Appellees' claims do not fall within the definition of core proceedings, and are, consequently, noncore proceedings.

Appellees' claims of fraud, breach of fiduciary duty and successor liability against Lemonis and FreedomRoads arise under Illinois law, and arise, most definitely, outside the context of a bankruptcy case. Nothing in Appellees' Complaint invokes a substantive

right under Title 11. As such, Appellants' assertion that Appellees' claim constitute a core proceeding fails.

*Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159 (7th Cir. 1994) is very instructive on this point. In *Zerand*, the Seventh Circuit held that a tort claim filed post-confirmation against a Chapter 11 debtor's successor after the debtor was liquidated was not a core proceeding arising under the bankruptcy code, nor arising in the bankruptcy proceeding. In *Zerand*, Cary Metal Products filed a Chapter 11 proceeding, and ultimately negotiated the sale of its assets to Zerand-Bernal Group ("Zerand"). *Id.*, at 160-61. The sale agreement recited that it was subject to entry of an order approving the sale "free and clear of any liens, claims or encumbrances of any sort or nature...confirming all of the terms and conditions of this Agreement." *Id.*, at 161. The bankruptcy court entered such an order and also reserved the right to enforce the agreement. *Id.* After the sale and confirmation of the debtor's plan, two plaintiffs filed a tort action against Zerand, for prepetition acts of the debtor, and claimed that Zerand was a successor to the debtor. *Id.* Zerand filed an adversary complaint in the bankruptcy court seeking an injunction against proceeding in the state court. The bankruptcy court determined that it did not have jurisdiction to hear the adversary proceeding instituted by Zerand, and the district court affirmed the dismissal of the proceeding. *Id.*, at 161.

In reviewing the propriety of the dismissal of the action, the Seventh Circuit held that the language of 28 U.S.C. § 157 "should not be read so broadly." The court noted:

> The reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract and other legal claims **by and against the debtor**, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum.

*Id.* (emphasis supplied)(citing *In re Xonics,* 813 F.2d 127, 131 (7th Cir. 1987)). "A secondary purpose is to force into the bankruptcy court suits to which the debtor need not be a party but which may affect the amount of property in the bankruptcy estate." *Id.,* at 161-62. In affirming the district court's dismissal of the adversary action, the Seventh Circuit held that the tort claim "[was], to begin with, a claim neither by nor against the debtor." In addition, because the debtor no longer existed as "all its assets [were] transferred to Zerand pursuant to the plan of reorganization", the Seventh Circuit determined that the suit " [could not] possibly affect the amount of property available for distribution to Cary's creditors; all of Cary's property has already been distributed to them." *Id.* The court found that the tort claim, and therefore, the adversary complaint, were not proceedings "related" to the Cary bankruptcy within Section 1334.

The court in *Zerand* next determined that the postconfirmation tort action did not "arise under" the Bankruptcy Code, nor "arise in" a bankruptcy proceeding. The court made this determination based upon its finding that the "section 1334(b) cannot possibly be applicable to this dispute between two nonparties to the bankruptcy proceeding" because "[its] domain is limited to questions that arise during the bankruptcy proceeding and concern the administration of the bankrupt estate, such as whether to discharge the debtor." *Id.* at 162. The Court also noted that the federal interest in furnishing the

decision of a tort claim between the purchaser at a bankruptcy sale and a third party was "extremely weak." *Id.* Lastly, and perhaps most importantly, the court noted that the fact that Cary's assets were sold to Zerand free from all liens, claims and other encumbrances was still insufficient to confer jurisdiction upon the bankruptcy court. *Id.* at 163.

Like the tort claims asserted against the purchaser of the debtor's assets by a third party in *Zerand*, this action is a noncore, unrelated proceeding. As in *Zerand*, Appellees' claims are "to begin with, a claim neither by nor against the debtor." *Zerand*, 23 F. 3d at 162. It is noteworthy that Appellees have not named Holiday RV, the Reorganized Debtor, or FreedomRoads Minnesota, the entity that received the equity of the Reorganized Debtor under the Plan, as defendants in this action. As such, whether the equity of Holiday RV has been transferred, not to FreedomRoads, LLC as it now concedes, but to FreedomRoads Minnesota as disclosed in Paragraph 6.4 of the Plan, cannot "possibly affect the amount of property available to [the debtor's] creditors." *See, Zerand,* at 162. As such, this Court must affirm the Bankruptcy Court's remand to Lake County, Illinois.

### 2. The Claims Are Individual, Not Derivative

Appellants assert that the Appellees' claims against Lemonis are derivative in nature, and thus constitute core proceedings. This is utterly wrong. Appellants concede that the Plan permits a party from pursuing non-derivative claims. *See, Appellees' Opening Brief, p. 11.* Appellees' claims are individual and are not based upon harm done to Holiday RV or commonly to all shareholders. The Complaint recites certain activities

by Lemonis while at Holiday RV, including his waste of corporate assets. Those allegations provide background showing the scheme to defraud the individual Plaintiffs, and are not the gravamen of each of Appellees' claims against the Defendants.

Appellants presume – incorrectly – that Delaware law, and not Illinois law, applies to the issue of whether a claim is derivative or individual. Nonetheless, both Illinois and Delaware law approach the issue of whether a claim is derivative with the same analysis. Under Delaware law, "the distinction between derivative and individual actions rests upon the party being directly injured by the alleged wrongdoing" and "to set out an individual action, the plaintiff must allege either an injury which is separate and distinct from that suffered by other shareholders, or a wrong involving a contractual right of a shareholder which exists independently of any right of the corporation." *Kramer v. Western Pacific Industries, Inc.*, 546 A. 2d 348, 351 (Del. 1988). Under Illinois law, a shareholder's claim is a derivative claim, not an individual claim, if the alleged injury affects the shareholder indirectly in his or her capacity as a shareholder, and the preliminary inquiry is whether the "gravamen of the pleadings alleges injury to the plaintiff upon an individual claim as distinguished from an injury which indirectly affects the shareholders as a whole." *Bio-Scientific Clinical Laboratory, Inc. v. Todd*, 149 Ill. App. 3d 845, 850, 501 N.E. 2d 192 (Ill. App. Ct. 1986); *Accord, Zokoych v. Spalding*, 36 Ill. App. 3d 654, 663, 344 N.E. 2d 805 (Ill. App. Ct. 1976).

In this case, Plaintiffs' claims are individual, not derivative, because each count of the Complaint sets forth each Plaintiffs' individual damages resulting from Lemonis' conduct. *See Complaint, ¶ 64-78; 82-83; 91-106; 112-113; 121-136; 142-143; 151-158;*

536749.1 1                                8

*164-165.* For example, Doerge Capital Collateralized Bridge Fund L.P. ("Doerge Fund") alleges, in Count 1:

> 66. During Doerge's negotiations with Holiday RV, from December 2001 through February 2002, Doerge had numerous conversations with Lemonis, who as Chairman and CEO, was negotiating on behalf of Holiday RV.
>
> 67. During those conversations, Doerge asked Lemonis about the extent of Adams' involvement with Holiday RV and specifically asked Lemonis whether Adams would be participating in the management and direction of the company. Doerge informed Lemonis that he would not invest in Holiday RV if Stephen Adams was to have a managerial role or a controlling interest in the company.
>
> 68. In response, Lemonis assured Doerge that Adams did not have a significant role in the management and direction of Holiday RV and that he would not have such role in the future.
>
> 69. Lemonis concealed from Doerge Fund (and other investors and creditors of Holiday RV) the plan and scheme between himself and Adams as hereinabove described, and misrepresented the true facts in his statements to Doerge, knowing his statements to be false.
>
> 70. Lemonis misrepresented these facts to Doerge intending to induce Doerge's reliance, and investment in Holiday RV.
>
> 71. Doerge believed Lemonis' statements to be true, and in reliance upon Lemonis' statements, and his silence concerning the scheme with Adams, and as a result Doerge Fund transferred $500,000 to Holiday RV and/or as directed by Holiday RV in accordance with the terms of their summary terms agreement, and notwithstanding that the parties had not yet executed definitive documentation.

In sum, Lemonis made fraudulent statements to induce Doerge to invest $500,000.00. It is clear that the harm alleged by Doerge is specific to Doerge and is not a claim on behalf of all shareholders or the entity, Holiday RV. The other Appellees allege similar misrepresentations and omissions by Lemonis which plainly show individual damages unique to each individual Plaintiff. Counts IV and V allege that Lemonis made misrepresentations to Ernest Davis, Jr. to induce him to convert his convertible

promissory note to common shares of Holiday RV, and which fraudulent misrepresentations caused Davis to lose in excess of $1.5 million. *Complaint,* ¶ *94, 102-105, 112-113.* Likewise, Counts VII and VIII allege Lemonis made misrepresentations to Francisco Alonso and Armando Alonso to induce conversion of their convertible promissory notes to common shares of Holiday RV, resulting in a loss in excess of $1.7 million. *Complaint,* ¶ *122-126, 133-136, 142-143.* In addition, Thomas Hall was unable to sell shares of Holiday RV due to Lemonis' conduct. *Complaint,* ¶ *153-155.* Hall's claims against Lemonis are individual and not derivative. As a result, Hall suffered damages in excess of $1.5 million.

These are not damage claims which arise from an injury which indirectly affects the shareholders as a whole. Each Plaintiff has suffered specific, individual damages unrelated to any damages suffered by Holiday RV or other shareholders. Plaintiffs' allegations relating to Lemonis' wasting of corporate assets and other conduct, provide background for his scheme of fraudulent conduct, but do not constitute the core allegations for the damages suffered by individual Plaintiffs. Plaintiffs have alleged sufficient independent injury resulting from Lemonis' conduct to establish individual, non-derivative claims. Appellants admit that the Plan permits such non-derivative claims against Lemonis and other former officers or directors of Holiday RV. *See Second Amended Plan of Reorg.,* ¶ *12.5* ("[N]othing in the Plan or any order confirming the Plan shall release, enjoin, or impact in any way any non-derivative Claim held by a Person or Entity against a current or former officer, director or Lender of the Debtor or Reorganized Debtor or any non-Debtor."). Importantly, Judge Walrath also held that "to

the extent that creditors have individual actions, they may pursue those and the plan does not affect them." *See, December 5, 2005 Hearing Transcript, p. 29.* Both the Bankruptcy Court's holding and the Plan, on its face, reveal that Appellants' position is without merit.

### C. The Bankruptcy Court Did Not Consider Improper Evidence

Appellants' last argue that the Bankruptcy Court improperly considered "post-complaint characterizations" when deciding to remand this action to Illinois. This is nonsense. In this case, like every other case litigated in this Court or others, parties are permitted to respond to the legal arguments made by the other party. The so-called "post complaint characterizations" are nothing more than customary legal and factual responses to the Appellants' misguided and improper arguments for removal.

It is evident from the pleadings and the December 5, 2005 hearing transcript that the Bankruptcy Court premised the decision to remand on the allegations in the Complaint. There is nothing in the record to indicate that the Bankruptcy Court considered anything improper. Appellants first argue – in a blatant misrepresentation which can only be interpreted as one intended to mislead the Court – the Appellees changed their position midstream as to whether FreedomRoads assumed ownership and control of Holiday RV's assets. *See Opening Brief, pp. 12-13.* However, Appellants' argument, once again, relies upon twisting the meaning of portions of select sentences. The Complaint does assert that FreedomRoads, LLC received a substantial portion of Holiday RV's assets, but makes it clear that those assets were transferred to Holiday Holdings, LLC prior to the Chapter 11 proceeding and were never part of the bankruptcy estate. The Bankruptcy Court recognized this and stated:

> He's not asserting that [FreedomRoads] is a successor under the plan. He's asserting that it's a successor because of the transfer of the assets pre-petition.

*See, December 5, 2005 Hearing Transcript, p. 21, Ex. G of Opening Brief.*

Appellees are correct that FreedomRoads never received any assets out of the bankruptcy estate pursuant to the Plan - as Appellants admit that the equity of the Reorganized Debtor went to a non-party, FreedomRoads Minnesota. As such, Appellees' statements regarding FreedomRoads' acquisition of Holiday RV assets are consistent and accurate, and were not "post-complaint characterizations" which revised the Complaint.

In support of their argument, Appellants also attempt to attach nefarious intentions to Appellees' representation that they "[have] no intention and do not seek to pursue [the Defendants] for anything that happened in the bankruptcy." *See Opening Brief, p. 13.* This is an accurate summary of the Appellees' intent, and simply summarizes the overall Complaint. The statement does not revise the Complaint in anyway. The Complaint clearly states that Holiday RV "is not named as a defendant in this action, and no relief is sought against Holiday RV in this proceeding." *Complaint,* ¶ 8. The Complaint also makes it clear that all recovery sought from the Appellants is based on their pre-petition acts, and is not an attempt to go after Appellants for anything that occurred in the bankruptcy proceeding. In sum, the Appellees' did not revise or distance themselves from the Complaint. They stand by the Complaint and the allegations of wrongdoings committed by the Appellants.

The cases cited by Appellants are inapposite and do not support their argument on post-complaint characterizations. In *In re Shell Oil Co.*, 970 F.2d 355 (7th Cir. 1992), the

Plaintiff filed an affidavit that revised the alleged damages from $70,000 to less than $50,000, in an attempt to have the case remanded to state court. The district court relied upon that affidavit and remanded the case to state court. The Seventh Circuit determined that the district court erred in relying upon the affidavit, finding that "a post-removal amendment to the complaint limiting the plaintiff's claim does not authorize a remand." *Id.* at 356. Appellees did not amend their Complaint to avoid a remand, and, thus, *Shell Oil* is irrelevant for purposes of Appellants' argument.

Likewise, *Gould v. Artisoft, Inc.*, 1 F.3d 544 (7th Cir. 1993), addressed "whether the $50,000 amount in controversy requirement of 28 U.S.C. § 1332(a) has been satisfied" when the precise value of the claim cannot be ascertained because damages arise from fifty shares of a "stock with no ascertainable public market value." *Id.* at 547. While the court noted that it looks to the "facts that existed at the time of removal to determine [its] jurisdiction," it did permit the defendant to establish the amount in controversy by submitting a draft prospectus it planned to issue in connection with the initial public offering of the stock. *Id.* Most importantly, the Seventh Circuit held that "a district court is not obliged to rely solely on the plaintiff's complaint or on the jurisdictional statements in the removal petition; rather it is entitled to consider the matter when the parties raise it, as they did here by a motion to remand and the memorandum and affidavits in opposition thereto." *Id.* at 548 (citations omitted). *Gould* does not support Appellants' argument when construed in any light.

Similarly, *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392 (3rd Cir. 2004) does not support reversal of the remand order. The case involved removal under

diversity jurisdiction, and the Third Circuit reviewed the district court's calculation of damages to determine whether the jurisdictional amount was met. Such facts are not in play in this case.

In sum, Judge Walrath did not consider anything improper when she determined that this action should be remanded to Lake County, Illinois. Her decision to grant a remand was entirely within her discretion and an appropriate exercise of such discretion.

### III. Conclusion

This Court should affirm the Bankruptcy Court's order remanding this case to the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois because Appellees' claims are not primarily related to Holiday RV Superstores, Inc.'s confirmed Chapter 11 case pending in Delaware. Appellees' claims seek recovery in connection with Appellants' conspiracy and scheme to defraud, which preceded the Chapter 11 filing of Holiday RV and caused the subsequent losses suffered by Appelleees. In an effort to avoid the claims and responsibility for their actions, Lemonis and FreedomRoads use Appellees' references to Holiday RV in their Complaint to argue this action constitutes a "core proceeding" as defined by 28 U.S.C. §§ 1334 and 157. Their argument is disingenuous and without merit.

WHEREFORE, Appellees, Doerge Capital Collateralized Bridge Fund L.P., an Illinois Limited Partnership, Armando Alonso, Francisco Alonso, Ernest Davis, Jr., and Thomas Hall, respectfully request that this Court affirm the Bankruptcy Court's order.

Doerge Capital Collateralized Bridge Fund L.P., an Illinois Limited Partnership, Armando Alonso, Francisco Alonso, Ernest Davis, Jr., and Thomas Hall

By: _____
Mark Minuti (No. 2659)
Jeremy W. Ryan (No. 3595)
SAUL EWING LLP
Attorneys for Plaintiffs
222 Delaware Avenue – Suite 1200
Wilmington, Delaware 19899
(312) 421-6800

Christopher J. Horvay (No. 01263315)
Robert A. Carson (No. 3126935)
Christina B. Conlin (No. 6255644)
Gould & Ratner
222 North LaSalle Street, Eighth Floor
Chicago, Illinois 60601
(312) 236-3003

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Holiday RV Superstores, Inc., | ) | Case No. 03-13221 (MFW) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| MARCUS LEMONIS and FREEDOM ROADS LLC, | ) | |
| | ) | |
| Defendants-Appellants, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-047 (JJF) |
| | ) | |
| DOERGE CAPITAL COLLATERALIZED BRIDGE FUND, L.P., *et al.*, | ) | |
| | ) | |
| Plaintiffs-Appellees. | ) | |

## CERTIFICATE OF SERVICE

I, Jeremy W. Ryan, Esquire, hereby certify that on June 1, 2006, I caused a copy of the foregoing **Appellees' Response to Appellants' Opening Brief** to be served on the following parties in the manner indicated.

| | |
|---|---|
| Brett D. Fallon, Esquire<br>Morris, James, Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899<br>**(Via Hand Delivery)** | Arthur J. Howe, Esquire<br>Ian H. Fisher, Esquire<br>Schopf & Weiss LLP<br>312 W. Randolph Street, Suite 300<br>Chicago, IL 60606<br>**(Via First Class U.S. Mail)** |

/s/ Jeremy W. Ryan

Jeremy W. Ryan (No. 3595)
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800