IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| HOLIDAY RV SUPERSTORES, INC., | : | Bankruptcy Case No. 03-13221-MFW |
| Debtor. | : | |
| MARCUS LEMONIS AND FREEDOM ROADS LLC, | : | |
| Appellants, | : | |
| v. | : | Civil Action No. 06-047-JJF |
| DOERGE CAPITAL COLLATERIZED BRIDGE FUND, L.P., et al., | : | |
| Appellees. | : | |

Arthur J. Howe, Esquire and Ian H. Fisher, Esquire of SCHOPF & WEISS LLP, Chicago, Illinois.
Brett D. Fallon, Esquire of MORRIS, JAMES, HITCHENS & WILLIAMS LLP, Wilmington, Delaware.

Attorneys for Appellants.

Christopher J. Horvay, Esquire; Robert A. Carson, Esquire and Christina B. Conlin, Esquire of GOULD & RATNER, Chicago, Illinois.
Mark Minuti, Esquire and Jeremy W. Ryan, Esquire of SAUL EWING LLP, Wilmington, Delaware.

Attorneys for Appellees.

**MEMORANDUM OPINION**

January 31, 2007
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is an appeal by Marcus Lemonis ("Lemonis") and FreedomRoads LLC ("FreedomRoads") (collectively, "Appellants") from the December 5, 2005 Order of the United States Bankruptcy Court for the District of Delaware, granting Plaintiffs-Appellees' Motion To Remand Or Abstain the adversary proceeding underlying this appeal to the Circuit Court of Lake County, Illinois (the "Illinois State Court"). For the reasons set forth below, the Court will affirm the Bankruptcy Court's Order.

**I. PARTIES' CONTENTIONS**

Plaintiffs-Appellees are former investors and/or creditors of the Debtor, Holiday RV Superstores, Inc. (the "Debtor"), who brought a state court action against Lemonis, the Debtor's Chief Executive Officer and Chairman of the Board of Directors, and FreedomRoads, LLC, the successor to the Debtor. The action was removed from the Illinois State Court to the United States District Court for the Northern District of Illinois and transferred to this Court, where it was then referred to the Bankruptcy Court.

By this appeal, Appellants contend that the Bankruptcy Court erred in remanding the adversary proceeding underlying this appeal to the Illinois State Court. Specifically, Appellants contend that Plaintiffs-Appellees' Adversary Complaint alleges successor

liability claims and derivative claims which are core proceedings. According to Appellants, the successor liability claims against FreedomRoads violate the permanent injunction issued by the Bankruptcy Court prohibiting Plaintiffs-Appellees from pursuing encumbrances against the Debtor's property. Thus, Appellants contend that Plaintiffs-Appellees' claims are core proceedings, because they require administration and enforcement of the Bankruptcy Court's confirmation order. To this effect, Appellants point out that Doerge Capital Collaterized Bridge Fund L.P. ("Doerge Capital") filed a proof of claim in the Bankruptcy Court which included a copy of the Adversary Complaint.

As for Plaintiffs-Appellees' claims against Lemonis, Appellants contend that those claims, which relate to breach of fiduciary duty, are derivative of the Debtor and not direct claims. Appellants maintain that any court considering these derivative claims will first need to determine whether they are also barred by the Plan and the permanent injunction order, and therefore, the claims are also core proceedings that should remain in the Bankruptcy Court.

In response, Plaintiffs-Appellees contend that the Complaint, taken as a whole and in context, demonstrates that this action is non-core and unrelated to the underlying bankruptcy proceedings. Specifically, Appellants contend that their claims for successor liability and breach of fiduciary duty arise under Illinois law

and do not invoke any substantive rights under Title 11. Plaintiffs-Appellees also contend that their claims against Lemonis are individual claims and not derivative claims belonging to the Debtor. In this regard, Plaintiffs-Appellees contend that the allegations of the Adversary Complaint concerning Lemonis's activities while at the Debtor are background allegations to demonstrate that Lemonis engaged in fraudulent conduct, but Plaintiffs-Appellees suffered individual damages from this conduct that do not affect the shareholders as a whole. Because the Plan permits these non-derivative claims and they are unrelated to the bankruptcy proceedings, Plaintiffs-Appellees contend that the Bankruptcy Court correctly remanded the underlying adversary proceeding to the Illinois State Court.

## II. STANDARD OF REVIEW

The Court reviews the Bankruptcy Court's findings of fact under a "clearly erroneous" standard, and reviews its legal conclusions de novo. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. Baroda Hiss Inv., Inc. v. Telegroup Inc., 281 F.3d 133, 136 (3d Cir. 2002).

## III. DISCUSSION

The Court has reviewed the decision of the Bankruptcy Court in light of the allegations of the underlying Adversary Complaint and concludes that the Bankruptcy Court did not err in remanding the underlying adversary action to the Illinois State Court. A proceeding is a core proceeding, if it invokes a substantive right provided by Title 11 or is a proceeding, which by its nature, could only arise in the context of a bankruptcy case. Stoe v. Flaherty, 436 F.3d 209, 217 (3d Cir. 2006); Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999). Plaintiffs-Appellees' claims of fraud, breach of fiduciary duty and successor liability arise under Illinois law and are based upon the prepetition conduct of Appellants. Plaintiffs-Appellees have not named the Debtor in this action, the Reorganized Debtor or, FreedomRoads Minnesota, the entity that received the Debtor's equity under the Plan. See e.g., Zerand-Bernal Group, Inc. v. Cox, 23 F.3d 159, 161 (7th Cir. 1994) (affirming dismissal of adversary action raising tort claims neither by nor against the debtor for prepetition acts of debtor). In these circumstances, the Court concludes that the Adversary Complaint constitutes a non-core proceeding.

Appellants direct the Court to the proof of claim filed by Plaintiff-Appellee Doerge Capital which includes a copy of the Adversary Complaint to demonstrate that this is a core proceeding. As the Bankruptcy Court pointed out, however, the Plaintiffs-

Appellees may have a claim against someone other than the estate for the same claim. These circumstances do not transform a non-core proceeding into a core proceeding.

Appellants also contend that the successor claims against FreedomRoads are related to FreedomRoads' relationship with the Debtor and its assets, and therefore, interpretation of the Bankruptcy Court's order transferring the assets of the estate and prohibiting encumbrances against the property of the Debtor and its successors are implicated. The Court disagrees with Appellants' characterization of the Adversary Complaint. The Adversary Complaint explains that while FreedomRoads received a substantial portion of Holiday RV's assets, those assets were transferred to Holiday Holdings, LLC prior to the Chapter 11 proceeding and were not part of the bankruptcy estate. In this regard, the Court agrees with the Bankruptcy Court's characterization of the Complaint:

> He's not asserting that [FreedomRoads] is a successor under the plan. He's asserting that it's a successor because of the transfer of the assets pre-petition.

Hearing Transcript 12/5/05 at 21. As Appellants recognize, FreedomRoads Minnesota obtained the equity of the Reorganized Debtor through the bankruptcy proceedings, and FreedomRoads Minnesota is not a party to this action.

Appellants also contend that the Adversary Complaint is a core proceeding because it contains derivative claims. Although

the parties disagree on whether Illinois or Delaware law applies to the claims alleged in the Adversary Complaint, the Court concludes that under the law of either jurisdiction, Plaintiffs-Appellees have sufficiently alleged individual damages to state non-derivative claims. See e.g., Kramer v. Western Pacific Indus., Inc., 546 A.2d 348, 351 (Del. 1988) (recognizing that "the distinction between derivative and individual actions rests upon the party being directly injured by the alleged wrongdoing" and holding that an individual action requires the plaintiff to allege either an injury which is separate and distinct from that suffered by other shareholders, or a wrong involving a contractual right of a shareholder which exists independently of any right of the corporation"); Bio-Scientific Clinical Lab., Inc. v. Todd, 501 N.E. 2d 192 (Ill. App. Ct. 1986) (holding that shareholder's claim is derivative if the alleged injury affects the shareholder indirectly in his or her capacity as a shareholder and describing the inquiry as whether the "gravamen of the pleadings alleges injury to the plaintiff upon an individual claim as distinguished from an injury which directly affects the shareholders as a whole"). Plaintiffs-Appellees' Adversary Complaint alleges harms and damages unique to each individual Plaintiff that are not based on harms done commonly to all shareholders. To the extent that the Complaint references the Debtor's bankruptcy or discusses transactions that may have a derivative nature, the Court

concludes that those allegations are background allegations that provide context for the individual damages and fraudulent conduct alleged by Plaintiffs-Appellees.

Having concluded that this action is a non-core proceeding, the Court further concludes that the Bankruptcy Court did not err in abstaining and remanding this action to the Illinois State Court under the factors for either mandatory abstention or permissive abstention.[1] Mandatory abstention is warranted if the movant establishes (1) that it filed a timely motion; (2) the proceeding is based solely on state law issues; (3) the proceeding is related to a case under the Bankruptcy Code, but does not arise under the Bankruptcy Code or in a case under the Bankruptcy Code; (4) there is no independent basis for federal jurisdiction other than the bankruptcy proceeding; (5) an action has been commenced in a state forum; and (6) that case can be timely adjudicated in state court. 11 U.S.C. § 1334(c)(2). Plaintiffs-Appellants have demonstrated that each of these criteria is satisfied in this

---

[1] The Court acknowledges that there is a debate between the parties as to whether this action is nonetheless "related to" the bankruptcy proceedings. Although it is not entirely clear from the record, it appears to the Court that the Bankruptcy Court concluded that it had "related to" jurisdiction, but declined to exercise that jurisdiction under the abstention principles. Specifically, the Bankruptcy Court explained that under the circumstances it was "not convince[d]" that it "should exercise jurisdiction over the complaint." Hearing Tr. 12/5/05 at 28. Thus, to the extent that the Bankruptcy Court concluded that the Adversary Proceeding was a "related to" proceeding, the Court agrees with the Bankruptcy Court's conclusion.

case. Plaintiffs-Appellees filed a timely motion for remand in the bankruptcy court. The Adversary Complaint involves state law issues that do not arise under Title 11 and do not involve administrative matters that arise only in bankruptcy cases. Plaintiffs-Appellees have offered affidavits in the Bankruptcy Court demonstrating that there is no diversity of citizenship, and there is no suggestion that any significant delays will be incurred if this action is remanded to the Illinois State Court.[2] Accordingly, the principles of mandatory abstention support the Bankruptcy Court's decision to abstain and remand this action to the Illinois State Court.

With respect to permissive abstention, courts flexibly apply a variety of factors including (1) the effect or lack thereof on the efficient administration of the case; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted core proceeding; (8) the feasibility of severing state

---

[2] In fact, Plaintiffs-Appellees have represented to the Court that they have been proceeding with this action in the Illinois State Court during the pendency of this appeal, and that trial is scheduled to commence in the state court on April 2, 2007. (D.I. 15 at 2.)

law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood of the commencement of the proceedings in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties. 28 U.S.C. 1334(c)(1); see e.g. In re Chicago, Milwaukee, St. Paul & Pacific Railroad Co., 6 F.3d 1184, 1189 (7th Cir. 1993); Hopkins v. Plant Insulation Co., 342 B.R. 703, 710-711 (D. Del. 2006). In this case, the Plan has already been confirmed and the shares of the Reorganized Debtor transferred, and therefore, the administration of the Debtor's estate will not be affected. As the Court has concluded, the Adversary Complaint alleges state law claims with little nexus to the bankruptcy proceedings. This action was originally filed in state court, involves only nondebtors and there is no federal question or diversity jurisdiction. Accordingly, in the alternative, the Court concludes that permissive abstention and equitable remand is appropriate.

In sum, the Court agrees with the Bankruptcy Court that the underlying Adversary Complaint has little effect on the Debtor's estate and the claims alleged are non-core claims related to individualized alleged injuries that are distinct from the injuries suffered by shareholders as a whole. Accordingly, the

Court will affirm the decision of the Bankruptcy Court remanding the adversary action underlying this appeal to the Illinois State Court.

**IV. CONCLUSION**

For the reasons discussed, the Court will affirm the Bankruptcy Court's December 5, 2005 Order.

An appropriate Order will be entered.